# CHARLESTON

## KELLAR v. JAMES *et al.*

Submitted September 6, 1907.   Decided December 10, 1907.

1. STATUTES—*Construction—Derogation of Common Law.*

   Statutes in derogation of the common law are strictly construed. (p. 141.)

2. SAME—*Purpose.*

   The rule requiring liberal construction of certain classes of statutes does not warrant an extension of them to the suppression of supposed evils or effectuation of conjectural objects and purposes, neither referred to or indicated by any terms used, nor clearly within the spirit of the legislation. (pp. 140, 141.)

3. HUSBAND AND WIFE—*Wife's Torts—Husband's Liability—Married Women's Laws.*

   The husband is not relieved from liability for the torts of the wife by the statutes of this state, known as the married woman's laws. (p. 142.)

4. SAME—*Torts of Husband—Wife's Liability.*

   A wife is not jointly liable with her husband for a wrong perpetrated by him, in the doing of which she did not actually participate. She cannot be made liable by her mere prior or subsequent consent to, or approval of, the tortious act of the husband, or command or direction for the commission thereof. (p. 143.)

5. ACTION—*Joinder—Slander—Husband and Wife.*

   A declaration against a husband and wife, charging the utterance of slander by the husband on one occasion and by the wife on another, pursuant to a conspiracy previously formed, to injure the plaintiff in respect to character, is demurrable for misjoinder of actions. (p. 143.)

Error to Circuit Court, Tucker County.

Action by Verna Kellar against Nancy E. James and another for slander. From a judgment of dismissal, plaintiff brings error.

*Affirmed.*

CUNNINGHAM & STALLINGS, for plaintiff in error.

CHAS. D. SMITH and JAS. P. SCOTT, for defendants in error.

POFFENBARGER, JUDGE:

In the circuit court of Tucker county, a demurrer was sustained to the declaration of Verna Kellar, alleging against the defendants, Nancy E. James and George McClelland James, slander and defamation of the character of the plaintiff, and to the consequent judgment of dismissal she obtained a writ of error.

The defendants were husband and wife and the declaration charges, first, the utterance of slanderous language by the husband in the presence of certain persons named as well as others; second, the utterance of the same language by the wife in the presence of certain other persons named; and, third, the utterance of the language by both defendants in pursuance of a conspiracy, previously formed between them, and the speaking and publication of the false, scandalous, malicious, defamatory and insulting words by collusion and conspiracy, with intent to defame and disgrace the plaintiff among her friends and neighbors and the citizens of the state and to bring into disgrace and disrepute her good name, fame and character. In reply to the view that the declaration sets up two causes of action, one against the husband alone for his wrongful act, and the other against both husband and wife for the wrongful act of the latter, and so is open to the objection of misjoinder of actions, it is urged that all the matters alleged constitute one cause of action, founded upon the charge of conspiracy, and this argument is supplemented by the contention that such a conspiracy between the husband and wife may now exist because of the supposed change in the status of the wife, wrought by our married woman's statutes.

These statutes, very similar in character and form to those

adopted in other states, relate for the most part, to the separate property of the wife, her rights and powers respecting the same, and freedom thereof from the control of the husband and liability for his debts, and the enlargement of the rights and powers of married women respecting contracts and enforcement of the same. To a certain extent, they also free the husband from liability for the debts of the wife. Though not in exact conformity with the terms or scope of similar statutes of other states, the respects in which our statutes differ from them are relatively slight and unimportant. The primary object and general scope thereof are the same as those of modern married woman's laws in other jurisdictions. In some states, the courts have exonerated the husband from liability for the torts of the wife, without any warrant therefor in the letter of the statute, on the presumption of legislative intent to do so, arising out of deprivation of the husband of the control of the wife's property and relief of the same from liability for his debts. These statutes are construed, in the jurisdictions in which such effect is given them, as if they had declared that a married woman should be deemed in all respects, as regards her power to contract, own, control and manage property and liability for her acts and conduct, wrongful or otherwise, as if she were a *feme sole*. In doing so, the courts admit an interpretation which goes far beyond the letter of the statute. They set aside the common law in respect to matters as to which the statute is wholly silent, notwithstanding the rule requiring strict construction of all statutes in derogation of the common law. Moreover, they assume that the only reason for the husband's common law liability for the wife's torts is found in the control which that law gave the husband over her property, notwithstanding the existence of other common law principles and considerations which may reasonably be said to form, at least, a part of the ground of such liability. For many purposes, the wife's existence was deemed by that law to have been merged in that of the husband. She had no separate existence in law, and they were considered one person. In respect to the commission of many crimes, and wrongs not amounting to crime, done by the wife in the presence of her husband, she was deemed to have acted under his coercion and was not liable either civilly or criminally.

21 Cyc. 1355. Our statute makes no reference to her liability or that of the husband for her wrongs. This branch of the law remains wholly untouched by any terms of the statutes. It seems to us that the application to them of the liberal rule of construction would not carry them into this untouched portion of the domain of law relating to married women and their relations to their husband and third parties.

The liberal rule of construction only requires that a statute be so enforced as to carry into effect the will of the legislature as expressed in the terms thereof, and give, not stintedly or niggardly, but freely and generously, all the statute purports to give. This stops far short of carrying the statute to purposes and objects entirely beyond those mentioned in it. One object of these statutes is to enable a married woman to have the absolute, free and unrestrained control of her property and power to make contracts respecting it and to vindicate her property and contract rights by action in the courts of the state as if she were a *feme sole*. For the accomplishment of these purposes, the statute should be liberally construed. She is subjected, by this same law, to the reciprocal right extended to others to sue her in the courts as if she were a *feme sole*, and, for the effectuation of this purpose, the statutes should be liberally construed. So, in respect to all the other rights and liabilities expressly given and imposed by this law. The evils intended to be suppressed and the purposes and objects to be promoted are all mentioned in the statutes and the rule of liberal construction requires no more than that they shall be so interpreted and applied as to suppress the named evils and effectuate the specified purposes and objects. It does not authorize the court to add other supposed evils, purposes and objects. By the decided weight of authority, these statutes are held not to have relieved the husband from his common law liability for the wife's torts, as has been well said by JUDGE BRANNON in *Gill* v. *The State*, 39 W. Va. 479, and in *Withrow* v. *Smithson*, 37 W. Va. 761. Though these expressions of opinion may not be regarded as matters of decision, their reasoning is valuable and they show that the weight of authority is against the contention set up in the brief of counsel for plaintiff in error. To the authorities there cited by JUDGE BRANNON in support of his opinion, we add the following: *Henley* v. *Wilson*,

137 Cal. 273; *Morgan* v. *Kennedy*, 62 Minn. 348; *Bruce* v. *Bombeck*, 79 Mo. App. 231; *Nichols* v. *Nichols*, 147 Mo. 387; *Taylor* v. *Pullen*, 152 Mo. 434; *Holtz* v. *Dick*, 42 O. St. 23; *Fowler* v. *Chickester*, 26 O. St. 9; *Zeliff* v. *Jennings*, 61 Tex. 458; *MacQueen* v. *Fulgham*, 27 Tex. 463; *Seroka* v. *Kattenburg*, 17 Q. B. D. 177; *Bahin* v. *Hughes*, 31 Chy. D. 390.

No authority need be cited for the proposition that the wife is not liable for the slander or other tort of the husband. The only qualification of this general rule is found in those instances in which the husband acts as the agent of the wife in respect to her separate property; and this is only an apparent exception, for there the act of the husband, her agent, is, in law, her act. By the common law, the wife could not be a trespasser by previous or subsequent consent to the act or trespass of the husband. She did not become liable except by her active, actual participation in the wrongful act. "A married woman is liable for torts actually committed by her, though she cannot be a trespasser by a prior or subsequent assent." Chitty Pl. 11 Am., Ed. 76. "And where several are concerned, they may be jointly sued, whether they assented to the act before or after it was committed, unless the party be an infant or a *feme covert*," who, we have seen cannot be sued in respect to a subsequent assent. *Id.* 80. This doctrine is recognized in *Ferguson* v. *Brooks*, 67 Me. 251, in the following terms: "That this doctrine is still properly applicable to numerous actions of tort brought against married women, we do not doubt. We should be inclined to say, for example, that a wife ought not to be held liable for the tort of her husband or any third party, in which she does not participate as an actor, by reason of prior or subsequent assent, consent, advice or authority from her, in a case where she is not in any contingency to reap a profit, or her separate estate a benefit." In view of this principle of law, the allegation of conspiracy amounts to a mere surplusage. It is utterly impossible that the wife can be held liable for the slander uttered by her husband in her absence, on the theory that she counseled, advised or directed it, or assented to, and ratified, it after it was done. From this it results that the declaration necessarily sets up two separate and distinct causes of action, one against the husband and one against the

husband and wife. As to the latter, if maintained, judgment would go against both, *Gill* v. *The State*, 39 W. Va. 479, and the numerous authorities there cited; and, as to the former, against the husband alone. To allow recovery upon a declaration setting up both of these causes of action, would make the wife liable for the husband's tort, contrary to law. This makes the declaration fatally defective, wherefore the court properly sustained the demurrer and dismissed the action instead of entering a mere judgment of abatement for misjoinder of parties. A misjoinder of counts or causes of action is fatal to the declaration on demurrer. *Malsby* v. *Lanark Co.*, 55 W. Va. 484; *Henderson* v. *Stringer*, 6 Grat. 130. This-obvious and inevitable result renders it unnecessary to discuss the numerous other questions of law adverted to in the argument.

There being no error, the judgment will be affirmed.

*Affirmed.*