607 S.E.2d 485

STATE of West Virginia ex rel. Elizabeth Ann MILLER, Individually, and as Administratrix of the Estate of Rachel M. Miller, Deceased, Petitioner

v.

The Honorable Robert B. STONE, Judge of the Circuit Court of Monongalia County, West Virginia; and West Virginia University Board of Governors, Respondents.

No. 31755.

Supreme Court of Appeals of West Virginia.

Submitted Nov. 9, 2004.

Decided Dec. 2, 2004.

Dissenting Opinion of Justice Starcher Dec. 23, 2004.

Monty L. Preiser, Charleston, for Elizabeth Ann Miller.

William E. Galeota, Nancy A. Defeo, Rodney L. Bean, Steptoe & Johnson, Morgantown, for West Virginia Board of Governors.

PER CURIAM:

Petitioner, Elizabeth Ann Miller, individually, and as administratrix of the estate of her deceased daughter, Rachel M. Miller, seeks a writ of prohibition [1] to prevent the enforcement of the October 1, 2003, order of the Circuit Court of Monongalia County ruling that Petitioner's medical malpractice claim is governed by the amended version of the Medical Professional Liability Act, W.Va. Code § 55–7B–1 to 55–7B–11, which went into effect on July 1, 2003.

## I.

### FACTS

Petitioner's daughter, Rachel M. Miller, was born on June 10, 2001, at West Virginia University Hospital, and she died two days later. On May 9, 2003, Petitioner filed a notice of claim, pursuant to the 2001 version of W.Va.Code § 55–7B–6(b) of the Medical Professional Liability Act, in which she notified seven physicians employed by the West Virginia University Board of Governors, Re-

---

**1.** The petition herein is styled as one of "Prohibition and/or Mandamus." Because Petitioner seeks to prohibit the enforcement of the order complained of, we deem prohibition to be the proper remedy.

spondent herein and Defendant below, of her intent to file a claim against them based on the medical care rendered to Petitioner and her infant daughter. Petitioner also stated her intent in this notice of claim to provide these physicians with a screening certificate of merit within 60 days of the receipt of this notice as required by W.Va.Code § 55–7B–6(d) (2001).

On June 9, 2003, Petitioner filed a medical malpractice complaint against several parties including the hospital and a number of physicians. Thereafter, the certificate of merit required by W.Va.Code § 55–7B–6(b) was filed by Petitioner on June 20, 2003. The 2003 amendments to the Medical Professional Liability Act became applicable to all medical malpractice actions filed on or after July 1, 2003. Under the amended version at W.Va.Code § 55–7B–8 (2003), there is now a cap on compensatory damages for noneconomic loss of $250,000, except in certain prescribed circumstances when the cap is $500,000.[2]

Subsequently, the physicians filed a motion to dismiss Petitioner's medical malpractice claim on the grounds that Petitioner did not file a proper and timely certificate of merit as required by W.Va.Code § 55–7B–6(b) (2001). By order of October 1, 2003, the Circuit Court of Monongalia County ruled that the 2003 amended version of the Medical Professional Liability Act would govern Petitioner's action. The circuit court reasoned,

The effective date of the Notice [of Claim] . . . is not until that Certificate of Merit is actually provided; without a Certificate of Merit, there is not in fact a complete Notice of Claim. . . .

In the undisputed circumstances of this case, the plaintiff did not provide a Certificate of Merit until June 20, 2003. That was, in effect the date of the statutorily required "Notice of Claim." Under the provisions of § 55–7B–6, therefore, this action could not be commenced until 30 days thereafter, or not until July 20, 2003.

Petitioner sought extraordinary relief from the order in this Court, and we granted a rule to show cause. For the reasons that follow, we now deny the writ.

## II.

## STANDARD FOR ISSUING A WRIT OF PROHIBITION

When determining whether a writ of prohibition should lie, we traditionally employ the following standard:

In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

Syllabus Point 4, *State ex rel. Hoover v. Berger*, 199 W.Va. 12, 483 S.E.2d 12 (1996). With this standard to guide us, we proceed to consider the issue herein.

## III.

## DISCUSSION

In support of her request for a writ of prohibition, Petitioner argues that the cir-

---

**2.** According to W.Va.Code § 55–7B–8 (2003), the cap on noneconomic damages is $500,000 where damages for noneconomic losses suffered by the plaintiff were for: (1) wrongful death; (2) permanent and substantial physical deformity, loss of use of a limb or loss of a bodily organ system;

or (3) permanent physical or mental functional injury that permanently prevents the injured person from being able to independently care for himself or herself and perform life sustaining activities.

cuit court committed clear legal error because, contrary to the circuit court's finding, W.Va.Code § 55–7B–6 simply does not prevent the commencement of an action until 30 days after the filing of the certificate of merit. Petitioner further relies on W.Va. Code § 55–7B–6(d), which, she asserts, permits filing the certificate of merit up to 60 days after the filing of the complaint, so that her filing of the certificate was timely.[3]

Respondent replies that because Petitioner's notice of claim was incomplete until she supplied the required screening certificate of merit, and because she could not initiate the underlying medical malpractice action until 30 days after a proper notice of claim, the trial court correctly treated the underlying action as having been filed on the first day it properly could have been filed which was after the amended version of the Medical Professional Liability Act went into effect. Also, Respondent avers that, although Petitioner seeks to avail herself of W.Va.Code § 55–7B–6(d), she failed to do so by filing her complaint before obtaining and serving the required certificate of merit. By so doing, explains Respondent, Petitioner deprived Respondent of its right to reply to her claim in writing as well as the right to demand prelitigation mediation. Finally, Respondent asserts that by failing to meet the statutory requirements, Petitioner effectively deprived the trial court of subject matter jurisdiction.

The issue before us concerns the meaning of W.Va.Code § 55–7B–6 (2001), which applied to the filing of Petitioner's notice of claim on May 9, 2003. The applicable language of that statute is as follows:

(b) At least thirty days prior to the filing of a medical professional liability action against a health care provider, the claimant shall serve by certified mail, return receipt requested, a notice of claim. The notice of claim shall include a statement of the theory or theories of liability upon which a cause of action may be based, together with a screening certificate of merit. The certificate of merit shall be executed under oath by a health care provider qualified as an expert under the West Virginia rules of evidence and shall state with particularity: (1) the expert's familiarity with the applicable standard of care in issue; (2) the expert's qualifications; (3) the expert's opinion as to how the applicable standard of care was breached; and (4) the expert's opinion as to how the breach of the applicable standard of care resulted in injury or death....

\* \* \*

(d) If a claimant or his or her counsel has insufficient time to obtain a screening certificate of merit prior to the expiration of the applicable statute of limitations, the claimant shall comply with the provisions of subsection (b) of this section except that the claimant or his or her counsel shall furnish the health care provider with a statement of intent to provide a screening certificate of merit within sixty days of the date the health care provider receives the notice of claim.

**3.** Petitioner also cites to two circuit court decisions which, she says, ruled that failure to comply with the provisions of W.Va.Code § 55–7B–6 (2001), was a mere technical violation that did not effect the plaintiffs' actions. Petitioner avers that one of these decisions was challenged in this Court by a petition for a writ of prohibition, and this Court refused the writ. Needless to say, circuit court decisions have no precedential value in this Court. Also, this Court's rejection of an application for appeal or a petition for an extraordinary writ generally is not an indication that we find the lower court's judgment correct unless we specifically state as much. In the Syllabus of *Smith v. Hedrick,* 181 W.Va. 394, 382 S.E.2d 588 (1989), we held that

This Court's rejection of a petition for appeal is not a decision on the merits precluding all future consideration of the issues raised there-

in, unless, as stated in Rule 7 of the West Virginia Rules of Appellate Procedure, such petition is rejected because the lower court's judgment or order is plainly right, in which case no other petition for appeal shall be permitted.

*See e.g., Meagan B. v. Nationwide Mut. Ins. Co.,* No. 041772 (explaining that "having fully reviewed the certified questions presented and the answers provided by the circuit court, the Court is of the opinion that the petition should be, and hereby is, refused, because the circuit court's order is plainly right"). Finally, we note that Petitioner makes public policy arguments in support of her position. However, as set forth in the body of this opinion, when a statute is clear and unambiguous, it generally is our task to apply the statute as written and not to interpret it in consonance with this Court's policy preferences.

(e) Any health care provider who receives a notice of claim pursuant to the provisions of this section must respond, in writing, to the claimant within thirty days of receipt of the claim or within thirty days of receipt of the certificate of merit if the claimant is proceeding pursuant to the provisions of subsection (d) of this section.

(f) Upon receipt of the notice of claim or of the screening certificate, if the claimant is proceeding pursuant to the provisions of subsection (d) of this section, the health care provider is entitled to pre-litigation mediation before a qualified mediator upon written demand to the claimant.

(g) If the health care provider demands mediation pursuant to the provisions of subsection (f) of this section, the mediation shall be concluded within forty-five days of the date of the written demand. The mediation shall otherwise be conducted pursuant to rule 25 of the trial court rules, unless portions of the rule are clearly not applicable to a mediation conducted prior to the filing of a complaint or unless the supreme court of appeals promulgates rules governing mediation prior to the filing of a complaint. If mediation is conducted, the claimant may depose the health care provider before mediation or take the testimony of the health care provider during the mediation.

(h) The failure of a health care provider to timely respond to a notice of claim, in the absence of good cause shown, constitutes a waiver of the right to request pre-litigation mediation. Except as otherwise provided in this subsection, any statute of limitations applicable to a cause of action against a health care provider upon whom notice was served for alleged medical professional liability shall be tolled from the date of the mailing of a notice of claim to thirty days following receipt of a response to the notice of claim, thirty days from the date a response to the notice of claim would be due, or thirty days from the receipt by the claimant of written notice from the mediator that the mediation has not resulted in a settlement of the alleged

claim and that mediation is concluded, whichever last occurs. If a claimant has sent a notice of claim relating to any injury or death to more than one health care provider, any one of whom has demanded mediation, then the statute of limitations shall be tolled with respect to, and only with respect to, those health care providers to whom the claimant sent a notice of claim to thirty days from the receipt of the claimant of written notice from the mediator that the mediation has not resulted in a settlement of the alleged claim and that mediation is concluded.[4]

In ascertaining the meaning of this statute, we are mindful that "[w]hen a statute is clear and unambiguous and the legislative intent is plain, the statute should not be interpreted by the courts, and in such case it is the duty of the courts not to construe but to apply the statute." Syllabus Point 5, *State v. General Daniel Morgan Post No. 548, V.F. W.*, 144 W.Va. 137, 107 S.E.2d 353 (1959). After careful consideration of the provisions of the statute at issue, we conclude that the Legislature's clear intent in enacting W.Va. Code § 55–7B–6 was to mandate that a plaintiff in a medical malpractice claim file his or her certificate of merit at least 30 days prior to filing his or her medical malpractice action so as to allow health care providers the opportunity to demand pre-litigation mediation. We reach this conclusion based on the following analysis.

A proper reading of W.Va.Code § 55–7B–6(b), indicates that 30 days before a plaintiff files a medical malpractice action, he or she must serve a notice of claim on the defendant. This notice of claim is to include two things—(1) a statement of the theory or theories of liability upon which a cause of action may be based; and (2) a screening certificate of merit. However, under subsection (d), if a claimant has insufficient time to obtain a screening certificate of merit prior to the expiration of the statute of limitations, the claimant shall file a statement of the theory or theories of liability along with a statement of intent to provide a screening certificate of merit within 60 days of the date

4. The provisions of W.Va.Code § 55–7B–6, as amended in 2003, are substantially the same as those in the 2001 version with the exception of several relatively minor changes.

the health care provider receives notice of claim.

Pursuant to subsection (e), once a claimant files his or her certificate of merit under subsection (d), a health care provider, upon receipt of the certificate, must respond to the claimant, in writing, within 30 days. According to subsection (f), the health care provider is entitled to pre-litigation mediation before a qualified mediator upon written demand to the claimant. Subsection (g) indicates that if the health care provider demands mediation, the mediation shall be conducted within 45 days of the date of the written demand.

Significantly, subsection (h) indicates that the statute of limitations applicable to the medical malpractice action shall be tolled from the date of the mailing of a notice of claim to 30 days following receipt of a response to the notice of claim, 30 days from the date a response to the notice of claim would be due, or 30 days from the receipt by the claimant of written notice from the mediator that the mediation has not resulted in a settlement of the alleged claim and that mediation is concluded, whichever occurs last.

When we apply these plain statutory terms to the facts of this case, we find that the circuit court properly ruled that Petitioner's claim could not be commenced until, at the earliest, 30 days after she filed her certificate of merit on June 20, 2003, which would be July 20, 2003. This is due to the fact that Petitioner filed her notice of claim pursuant to subsection (d) which means that she first filed her statement of the theories of liability along with a statement of intent to provide a screening certificate of merit within 60 days of the date the health care provider received her notice of claim. According to subsection (h), at this point the statute of limitation was tolled. Petitioner then filed her certificate of merit on June 20, 2003. Under subsection (e), the health care providers then had 30 days to respond in writing. Subsection (f) provides that, at this point, the health care provider is entitled to *pre-litigation* mediation upon a written demand.

Petitioner violated the statute when she filed her medical malpractice claim on June 9, 2003, *before she filed her certificate of merit,* which completely foreclosed the health care provider's statutorily granted right to demand *pre-litigation* mediation—in other words, mediation prior to the filing of any action. This premature filing of her medical malpractice claim was in obvious contravention of the clear provisions of the statute. Because Petitioner's certificate of merit was not filed until June 20, 2003, her medical malpractice claim could not be filed until 30 days later to give the defendants the right to demand pre-litigation mediation. As found by the circuit court, this means that her claim could not be filed until after July 1, 2003, at which time the amended version of the Medical Professional Liability Act became applicable.[5]

Petitioner's assertion that W.Va.Code § 55–7B–6 does not prohibit the commencement of an action until 30 days after the filing of the certificate of merit is incorrect. As set forth above, subsections (e) and (f) provide that upon receipt of the screening certificate, the health care provider is entitled to *pre-litigation* mediation before a qualified mediator if the health care provider so demands in writing within 30 days of receipt of the certificate of merit. Obviously, if Petitioner could file her claim prior to 30 days after filing her certificate of merit, the health care provider would not have 30 days in which to demand pre-litigation mediation. Finally, while we agree with Petitioner that the filing of her certificate of merit was timely, *i.e.,* within 60 days of the filing of her notice of claim, the fact remains that Petitioner's filing of her medical malpractice claim was premature and improper under the statute.

## IV.

## CONCLUSION

For the reasons stated above, we find that the circuit court properly ruled that Petition-

---

5. According to W.Va.Code § 55–7B–10(b) (2003),

> The amendments to this article provided in Enrolled Committee Substitute for House Bill No. 2122 during the regular session of the Legislature, two thousand three, apply to all causes of action alleging medical professional liability which are filed on or after the first day of July, two thousand three.

er's premature filing of her medical malpractice action was in violation of the provisions of W.Va.Code § 55–7B–6 (2001). We further find no error in the circuit court's treatment of Petitioner's action as having been filed in accordance with the statute on July 20, 2003, which is after the amendments to W.Va.Code § 55–7B–1, *et seq.* became applicable. Because we do not find the lower tribunal's order clearly erroneous as a matter of law, we discharge the rule to show cause previously issued and deny the writ of prohibition sought by Petitioner.

Writ denied.

Justice STARCHER dissents and files an opinion.

STARCHER, J., dissenting:

I want to state that I have grave reservations about several aspects of the 2003 amendments to the Medical Professional Liability Act, particularly those that relate to procedural matters. It is well established that this Court has the primary constitutional authority to administer and control the procedural aspects of litigation. *See W.Va. Const.* Art. VIII, § 3 ("The court shall have power to promulgate rules for all cases and proceedings, civil and criminal, for all of the courts of the State relating to writs, warrants, process practice and procedure, which shall have the force and effect of law."); *State v. Davis,* 178 W.Va. 87, 90, 357 S.E.2d 769, 772 (1987), (*overruled on other grounds by State ex rel. R.L. v. Bedell,* 192 W.Va. 435, 452 S.E.2d 893 (1994)) ("under our rule-making authority . . . rules promulgated by this Court have the force and effect of law and will supersede procedural statutes that conflict with them."). *See also, West Virginia Div. of Highways v. Butler,* 205 W.Va. 146, 150, 516 S.E.2d 769, 773 (1999) (recognizing that *Rule of Evidence* 702, and not a statute, is the paramount authority for determining whether or not an expert is qualified to give an opinion). The new amendments appear to have crossed this constitutional boundary.

Nevertheless, accepting arguendo the statutes as written, I believe that the circuit judge erred in deciding to apply the 2003 amendments to the Medical Professional Liability Act to the instant case. The petitioner—who alleges that her deceased child was the victim of medical malpractice in June 2001—filed her case on June 9, 2003, and the statutory changes at issue did not take effect until July 1, 2003. It is a fundamental rule of statutory construction that statutory changes are presumed to apply prospectively only. *See W.Va.Code* 2–2–10(bb) [1989]; Syllabus Point 3, *Shanholtz v. Monongahela Power Co.,* 165 W.Va. 305, 270 S.E.2d 178 (1980). Furthermore, constitutional due process protections generally preclude the retroactive application of a statute where to do so would impair an existing property right. *See, e.g., Mildred L.M. v. John O.F.,* 192 W.Va. 345, 351 n. 10, 452 S.E.2d 436, 442 n. 10 (1994) ("It has been stated repeatedly that new legislation should not generally be construed to interfere with existing contracts, rights of action, suits, or vested property rights."). Lastly, statutes that limit or are in derogation of the common law are to be given a narrow construction. *See, e.g.,* Syllabus Point 1, *Kellar v. James,* 63 W.Va. 139, 59 S.E. 939 (1907) ("Statutes in derogation of the common law are strictly construed.").

The majority opinion disregards these basic rules of statutory construction to reach an inequitable result. The opinion gives a liberal reading to the Medical Professional Liability Act so as to retroactively apply the July 2003 statutes to impair the petitioner's legal rights established when the alleged malpractice occurred in June 2001. I cannot accept such a misreading of the Legislature's actions, and therefore respectfully dissent.