FILED

**October 22, 2013**

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Green Tree Servicing, LLC,**
**Defendant Below, Petitioner**

**vs.)  No. 12-1143 (Raleigh County 10-C-930-B)**

**Aimee Neeley Figgatt,**
**Plaintiff Below, Respondent**

## MEMORANDUM DECISION

This matter came before this Court upon the appeal filed by Petitioner Green Tree Servicing, LLC ("Green Tree"), of the August 23, 2012, final order of the Circuit Court of Raleigh County, West Virginia, in which the circuit court concluded that Green Tree had violated various provisions of the West Virginia Consumer Credit and Protection Act, West Virginia Code §§ 46A-1-101 to 46A-8-102, and was subject to statutory penalties therefor. During the pendency of the appeal of the circuit court's order, Green Tree and the respondent, Aimee Neeley Figgatt, advised this Court in letters dated August 23, 2013, and August 29, 2013, respectively, that a controlling legal authority was issued after the appeal was perfected that is dispositive of the issues raised therein.  Thereafter, on September 5, 2013, Green Tree filed a motion for disposition by memorandum decision, pursuant to Rule 21(b) of the West Virginia Rules of Appellate Procedure,[1] on the ground that *Credit*

---

[1]Rule 21(b) of the West Virginia Rules of Appellate Procedure provides:

> Motion for disposition by memorandum decision. – A party may move that a docketed case be disposed by memorandum decision by filing an original and the number of copies required by Rule 38 of a motion for disposition by memorandum decision.  No motion for disposition by memorandum decision shall be accepted for filing after twenty days from the date the appeal is perfected, except if such motion is for the purpose of bringing to the Court's attention the effect that a controlling legal authority, issued after the case was perfected, may have on the case pending in this Court.  The opposing party has ten days from the date of filing of the motion to file a response and the number of copies required by Rule 38. The filing of a motion for disposition by memorandum decision shall not toll any time limitations established by law, rule or order.

*Acceptance Corp. v. Front*, 231 W.Va. 518, 745 S.E.2d 556 (2013) is dispositive of "the assignments of error relating to arbitration."[2] This Court granted Green Tree's motion by order entered September 26, 2013. For this reason, a memorandum decision is appropriate under Rule 21.

Upon our review of the parties' arguments, the appellate record, and the pertinent authorities, and for the reasons discussed below, we vacate the order of the circuit court, reverse its June 9, 2011, order denying Green Tree's motion to compel arbitration, and remand this case to the circuit court with directions to enter an order remanding this matter for arbitration.

The relevant facts giving rise to the instant proceeding are as follows: On December 9, 2000, the respondent, under her former name of Aimee Adkins, along with her former husband, Robert Adkins, signed a Note, Disclosure and Security Agreement ("Agreement") for the purchase of a mobile home.[3] Although the respondent entered into the Agreement with Greenpoint Credit, LLC, all of the servicing rights and duties under the Agreement were later transferred to Green Tree. Subsequently, the respondent's payments became delinquent, and Green Tree began efforts to collect on the loan.[4]

On October 12, 2010, the respondent filed a complaint against Green Tree in the Circuit Court of Raleigh County alleging that Green Tree's conduct in connection with the manner in which it attempted to collect payment on the loan violated provisions of the West Virginia Consumer Credit and Protection Act ("the WVCCPA"). The respondent's complaint also alleged claims of negligence, intentional infliction of emotional distress, and invasion of privacy.

Thereafter, Green Tree filed a motion to dismiss and to compel arbitration or, alternatively, to stay the proceeding pending arbitration. In support thereof, Green Tree argued that the Agreement included a valid and enforceable "Arbitration of Disputes" provision ("the arbitration provision"). The arbitration provision provided, in relevant part, as follows:

> ARBITRATION OF DISPUTES:
> a.  Arbitration.  You and I agree to arbitrate any and all (1)

---

[2]The respondent did not file a response to the motion.

[3]The validity of the loan is not in dispute.

[4]The respondent represents that Robert Adkins has never made payments on the loan and that Green Tree "cannot find him to collect from him."

disputes, torts, counterclaims, or any other matter in question between you and I arising out of, in connection with, or in any way relating to this Agreement ("Claims") (including whether a Claim must be arbitrated) and (2) any Claims arising out of, in connection with, or relating to a transaction involving you and I and one or more third parties who have not signed this Agreement which a third party elects to arbitrate ("Third Party Claims").

. . . .

b. Rules. The arbitration shall be (1) binding, and (2) governed by (i) the Federal Arbitration Act (Title 9 of the United States Code); (ii) the Expedited Procedures of the Commercial Arbitration Rules of the American Arbitration Association (the "Arbitration Rules") in effect at the time arbitration is requested, and (iii) this Agreement. A copy of the Arbitration Rules, free of charge, may be obtained by calling (800) 778-7879. The arbitrator shall have all powers provided by the Arbitration Rules and this Agreement and shall apply the law, including but not limited to all statutes of limitation, which would otherwise apply in a judicial action to a Claim or a Third Party Claim.

. . . .

THE ARBITRATION WILL TAKE THE PLACE OF ANY COURT PROCEEDING, INCLUDING A TRIAL WITH A JUDGE OR A JUDGE AND JURY, THE ARBITRATOR MAY AWARD DAMAGES OR OTHER RELIEF ONLY TO YOU OR I.

A hearing on Green Tree's motion to dismiss and to compel arbitration was conducted on March 28, 2011. By order entered June 9, 2011, the circuit court denied Green Tree's motion, concluding that the arbitration provision was unenforceable. Specifically, the circuit court found, in relevant part, as follows:

[The] arbitration provision . . . lists only one arbitration forum, the American Arbitration Association ("AAA"). It is undisputed that while the AAA would accept and administer [the respondent's] claim for arbitration[,] it would not accept a

3

separate claim by [Green Tree] for 'debt collection arbitration.'[5] Even though [Green Tree] is not making a claim for 'debt collection arbitration,' the fact that [Green Tree] could not make that claim makes the arbitration provision unenforceable."[6]

(Footnotes added).

On October 7, 2011, Green Tree filed a petition for writ of prohibition with this Court seeking to prohibit enforcement of the circuit court's June 9, 2011, order denying Green Tree's motion to compel arbitration. Green Tree's petition was refused and the matter proceeded to a bench trial. By order entered August 23, 2012, the circuit court concluded that Green Tree had violated various provisions of the WVCCPA and that the respondent was entitled to a statutory penalty award.

On December 21, 2012, Green Tree perfected its appeal of the circuit court's August 23, 2012, order, arguing, *inter alia*, that the circuit court erred in denying Green Tree's motion to dismiss and compel arbitration on the ground that the arbitration provision at issue was unenforceable.[7] Thereafter, on June 19, 2013, during the pendency of Green Tree's

---

[5]This portion of the circuit court's order was made in reference to the fact that, after the respondent executed the Agreement, " the AAA issued a moratorium on arbitrating cases concerning consumer debt collections *if those cases were brought by the company and the consumer did not consent to the arbitration*.'" *Credit Acceptance Corp. v. Front*, 231 W.Va. 518, __, 745 S.E.2d 556, 559 (2013) (quoting *Montgomery v. Applied Bank*, 848 F.Supp.2d 609, 613 (S.D.W.Va. 2012)). More specifically, "'[m]atters included in this moratorium are: consumer debt collection programs or bulk filings and individual case filings in which the company is the filing party and the consumer has not agreed to arbitrate at the time of the dispute, and the case involves a credit card bill, a telecom bill or a consumer finance matter. *The AAA will continue to administer all demands for arbitration filed by consumers against business as well as all other types of consumer arbitration*.'" *Front*, 231 W.Va. at __, 745 S.E.2d at 569 (internal citation omitted).

[6]The circuit court's June 9, 2011, order also concluded that "the arbitration provision[,] by its own terms[,] would be inapplicable to this dispute."

[7]*See State ex rel. Miller v. Stone*, 216 W.Va. 379, 382 n.3, 607 S.E.2d 485, 488 n.3 (2004) ("[T]his Court's rejection of an application for appeal or a petition for an extraordinary writ generally is not an indication that we find the lower court's judgment correct unless we specifically state as much."); *see also Perrine v. E.I. du Pont de Nemours and Co.*, 225 W.Va. 482, 521 n.45, 694 S.E.2d 815, 854 n.45 (2010) ("Because this Court's denial of a petition for writ of prohibition is not a decision on the merits, DuPont is not

appeal, this Court decided the case of *Credit Acceptance Corp. v. Front, supra*.[8] In *Front*, the Court was presented with two consolidated appeals involving the execution of retail installment contracts and security agreements ("the installment contracts") for the purchase of motor vehicles between consumers and Credit Acceptance Corporation as the assignee of the rights, title, and interest in the installment contracts and vehicles. In both cases, the circuit courts denied the company's respective motions to compel arbitration of claims brought by the consumers against Credit Acceptance alleging, *inter alia*, violations of the WVCCPA. The arbitration clauses in both cases (which were nearly identical) identified the AAA and the National Arbitration Forum ("the NAF") as arbitration forums. 231 W.Va. at __, 745 S.E.2d at 568. In 2009, following the execution of the installment contracts at issue in *Front*, the NAF entered into a consent decree with the State of Minnesota "forbidding it from conducting consumer arbitration." *Id.* As indicated above, the AAA moratorium on consumer debt collections where the company is the filing party and the consumer does not agree to arbitrate also went into effect.[9] The circuit courts in *Front* found the arbitration clauses to be unenforceable based, *inter alia*, on the unavailability of one of the selected arbitration forums (the NAF). *Id.* 231 W.Va. at __, 745 S.E.2d at 559-60.

On appeal in *Front*, this Court determined, *inter alia*, that even though the NAF was unavailable to arbitrate the consumers' claims asserted against Credit Acceptance, the AAA was an available forum in which to arbitrate those claims. We explained in *Front* that "[i]t is significant that the moratorium issued by the AAA applies only to consumer debt collection cases brought by the company. Thus, . . . because the claims against [Credit Acceptance] were brought by consumers . . . the AAA remains an available forum to arbitrate those claims." *Id.* 231 W.Va. at__, 745 S.E.2d at 569. We, therefore, concluded that "[d]ue to the availability of a chosen forum, the circuit courts erred in denying Credit Acceptance's motions to compel arbitration." *Id.*

At issue in the appeal *sub judice* is whether the circuit court erred in denying Green Tree's motion to dismiss and compel arbitration based upon the AAA moratorium. This Court has previously held that "[w]hen a party, as part of an appeal from a final judgment, assigns as error a circuit court's denial of a motion to dismiss, the circuit court's disposition of the motion to dismiss will be reviewed *de novo*." Syl. Pt. 4, *Ewing v. Board of Educ. of Cnty. of Summers*, 202 W.Va. 228, 503 S.E.2d 541 (1998). *See also Kessel v. Leavitt*, 204 W.Va. 95, 119, 511 S.E.2d 720, 744 (1998). With this standard in mind, we now consider the issue before us.

---

barred from raising this issue again on appeal.").

[8]The mandate in *Front* was issued on July 19, 2013.

[9]*See supra* n.5.

5

In its June 9, 2011, order denying Green Tree's motion to dismiss and compel arbitration, the circuit court acknowledged that "[i]t is undisputed that . . . the AAA would accept and administer [the respondent's] claim for arbitration." Applying our conclusion in *Front* to the facts of this case, because the AAA moratorium does not apply to the respondent's claims against Green Tree, it is an available forum in which to arbitrate those claims. Therefore, the circuit court was in error in concluding that the arbitration provision at issue was unenforceable because the AAA would not also accept a claim by Green Tree against the respondent.

Based upon all of the above,[10] we vacate the August 23, 2011, order of the circuit court, reverse the June 9, 2011, order denying the motion to compel arbitration, and remand this case to the circuit court with directions to enter an order remanding the matter for arbitration.

Vacated; reversed; and remanded, with directions.

**ISSUED:** October 22, 2013

**CONCURRED BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis

---

[10]As indicated above, following our decision in *Front*, and during the pendency of this appeal, *both parties* advised this Court, in writing, that they believed *Front* to be dispositive of the issues raised in Green Tree's appeal. Specifically, by letter dated August 29, 2013, the respondent, by counsel, stated that she "agrees with counsel for [Green Tree, which had filed a similar letter on August 23, 2013] that [*Front*] is dispositive of the issues in the instant appeal and asserts that this case should be remanded to the Circuit Court of Raleigh County, West Virginia, with directions that the Circuit Court order the parties *to arbitrate all issues raised by the underlying complaint.*" (emphasis added). Furthermore, in Green Tree's subsequent Motion for Disposition by Memorandum Decision, it averred that "[s]everal of the trial rulings by the Circuit Court have been identified as assignments [of error] on appeal. None of those assignments [of error] pending before this Court on appeal would have occurred but for the Circuit Court's error in denying Green Tree's motion to compel arbitration." Green Tree contended that, as a result, "those rulings should be vacated." As previously noted, the respondent did not file a response to Green Tree's September 5, 2013, motion for disposition by memorandum decision.

6

Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II