# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia ex rel. Joshua Mena, D.O.,
Joshua Lucas, D.O., and Shawdare Kelly, N.P.,
Petitioners**

**v.) No. 23-260**

**The Honorable David J. Sims, Judge of the Circuit Court
of Ohio County, Kristin Endicott, Wheeling Hospital, Inc.,
Wheeling Health Right, Inc., Jennifer Cannon, R.N.,
Linda Shelek, APRN-CNP, and John Doe, Inc.,
Respondents**

**and**

**State of West Virginia ex rel. Wheeling Health Right
and Linda Shelek,
Petitioners**

**v.) No. 23-266**

**The Honorable David J. Sims, Judge of the Circuit Court
of Ohio County, and Kristin Endicott,
Respondents**

**and**

**State of West Virginia ex rel. Wheeling Hospital, Inc.
and Jennifer Cannon, RN,
Petitioners**

**v.) No. 23-271**

**The Honorable David J. Sims, Judge of the Circuit Court
of Ohio County, Kristin Endicott, Wheeling Health Right Inc.,
Emergency Medicine Physicians of Ohio County, John Doe Inc.,
Joshua Mena, D.O., Joshua Lucas, D.O., Shawdare Kelly, N.P.,
and Linda Shelek, APRN-CNP,
Respondents**

1

## MEMORANDUM DECISION

In three consolidated original jurisdiction petitions, several health care providers[1] who are the defendants in a pending medical professional liability action seek a writ of prohibition[2] requiring the Honorable David J. Sims, Judge of the Circuit Court of Ohio County, to dismiss the lawsuit. The providers argue that dismissal is mandatory because the plaintiff, respondent herein Kristin Endicott, failed to provide them with screening certificates of merit at least thirty days before she filed her civil complaint, in violation of the pre-suit notice requirements of the West Virginia Medical Professional Liability Act ("MPLA"). *See* W. Va. Code § 55-7B-6 (2022) (quoted below).

We determine that oral argument is unnecessary and that these cases satisfy the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for issuance of a memorandum decision rather than an opinion. For the reasons set forth below, we grant a writ of prohibition and direct the circuit court to dismiss the medical malpractice action without prejudice.

### Facts and Procedural History

Ms. Endicott alleges that over the course of six medical visits between August 31, 2020, and September 16, 2020, the health care providers failed to properly diagnose and treat her for an infection. She contends that the medical negligence of these providers resulted in an infection spreading to her heart, necessitating further medical care including emergency heart surgery.

Ms. Endicott served each of the providers with a pre-suit "Notice of Claim and Intent to Provide Certificate of Merit for Medical Negligence" dated June 30, 2022. These were received by the providers on/about July 5, 2022. In addition to stating theories of liability, the notices said, "There is inadequate time to procure a Screening Certificate of Merit prior to the applicable Statute of Limitations expiring. However, a Screening Certificate of Merit will be provided to you at the above listed address within sixty days of your confirmed receipt of this notice." On August 29, 2022, Ms. Endicott filed her civil complaint against the providers in the Circuit Court of Ohio County. Attached to the filed complaint were two screening certificates of merit. This was the first time Ms. Endicott had furnished any screening certificates of merit to the providers.

---

[1] For ease of discussion, we refer to the petitioners collectively as the "health care providers" or "providers." Petitioners Joshua Mena, D.O., Joshua Lucas, D.O., and Shawdare Kelly, N.P., are represented by counsel Mark R. Simonton and Alex S. Blevins. Petitioners Wheeling Health Right and Linda Shelek, APRN-CNP, are represented by counsel David L. Wyant and Benjamin P. Visnic. Petitioners Wheeling Hospital, Inc. and Jennifer Cannon, R.N., are represented by counsel Christine S. Vaglienti and Erin R. Vuljanic. Respondent Kristin Endicott is represented by counsel Ronald W. Zavolta, Michael P. Zavolta, and Matthew A. Jones.

[2] These three petitions for prohibition were consolidated by our Court for purposes of consideration and decision. The pending medical malpractice action is case number CC-35-2022-C-138 in the Circuit Court of Ohio County.

The providers filed motions to dismiss asserting that Ms. Endicott failed to comply with the MPLA. They argued that even though the MPLA permitted her an additional sixty days to obtain screening certificates of merit, the statute nonetheless required that the screening certificates had to be served on them thirty days *prior* to the filing of the lawsuit. *See* W. Va. Code § 55-7B-6(b) and (d).[3] Because Ms. Endicott simultaneously served the screening certificates with the civil

---

[3] West Virginia Code § 55-7B-6 (2022) provides, in relevant part:

(a) Notwithstanding any other provision of this code, no person may file a medical professional liability action against any health care provider without complying with the provisions of this section.

(b) *At least 30 days prior to the filing of a medical professional liability action against a health care provider, the claimant shall serve by certified mail, return receipt requested, a notice of claim on each health care provider the claimant will join in litigation. . . .* The notice of claim shall include a statement of the theory or theories of liability upon which a cause of action may be based, and a list of all health care providers and health care facilities to whom notices of claim are being sent, *together with a screening certificate of merit*. The screening certificate of merit shall be executed under oath by a health care provider . . . .

(d) . . . if a claimant or his or her counsel has insufficient time to obtain a screening certificate of merit prior to the expiration of the applicable statute of limitations, the claimant shall comply with the provisions of subsection (b) of this section except that the claimant or his or her counsel shall furnish the health care provider with a statement of intent to provide a screening certificate of merit within 60 days of the date the health care provider receives the notice of claim. The screening certificate of merit shall be accompanied by a list of the medical records otherwise required to be provided pursuant to subsection (b) of this section.

. . . .

(f) Any health care provider who receives a notice of claim pursuant to the provisions of this section may respond, in writing, to the claimant or his or her counsel within 30 days of receipt of the claim or within 30 days of receipt of the screening certificate of merit if the claimant is proceeding pursuant to the provisions of subsection (d) . . . of this section. The response may state that the health care provider has a bona fide defense and the name of the health care provider's counsel, if any.

(g) Upon receipt of the notice of claim or of the screening certificate of merit, if the claimant is proceeding pursuant to the provisions of subsection (d) . . . of this section, the health care provider is entitled to prelitigation mediation before a qualified mediator upon written demand to the claimant.

. . . .

3

complaint, the providers argued that they were denied the opportunity to evaluate the claims and possibly engage in pre-litigation mediation as permitted by West Virginia Code § 55-7B-6(f) and (g).[4]

The circuit court denied the motions to dismiss by order entered January 30, 2023. The court ruled that Ms. Endicott timely served the June 30, 2022, notices of claim and intent to procure screening certificates of merit, and she served the screening certificates on the healthcare providers within sixty days of her notices of claim. As such, the court found that Ms. Endicott demonstrated a good faith and reasonable effort to comply with the MPLA.

**Analysis**

The health care providers seek a writ prohibiting the circuit court from enforcing its June 30, 2022, order. They assert that the lawsuit must be dismissed. "Prohibition lies only to restrain inferior courts from proceeding in cases over which they have no jurisdiction, or, in which, having jurisdiction, they are exceeding their legitimate powers . . . ." Syl. Pt. 1, in part, *Crawford v. Taylor*, 138 W. Va. 207, 75 S.E.2d 370 (1950); *accord* Syl. Pt. 2, *State ex rel. Peacher v. Sencindiver*, 160 W. Va. 314, 233 S.E.2d 425 (1977) (recognizing that prohibition lies when trial court lacks jurisdiction).

Our Court has repeatedly recognized that compliance with the pre-suit notice requirements of West Virginia Code § 55-7B-6 is a mandatory prerequisite to the filing of a medical malpractice lawsuit.

> Pursuant to W. Va. Code § 55-7B-6(a) and (b) [2003], no person may file a medical professional liability action against any health care provider unless, at least thirty days prior to the filing of the action, he or she has served, by certified mail, return receipt requested, a notice of claim on each health care provider the claimant will join in the litigation.

Syl. Pt. 4, *State ex rel. PrimeCare Medical of W. Va., Inc. v. Faircloth*, 242 W. Va. 335, 835 S.E.2d 579 (2019). Moreover,

> (i)(1) . . . any statute of limitations applicable to a cause of action against a health care provider upon whom notice was served for alleged medical professional liability shall be tolled from the date of mail of a notice of claim to 30 days following receipt of a response to the notice of claim, 30 days from the date a response to the notice of claim would be due, or 30 days from the receipt by the claimant of written notice from the mediator that the mediation has not resulted in a settlement of the alleged claim and that mediation is concluded, whichever last occurs. . . .

(Emphasis added.)

[4] *See supra* note 3.

[t]he MPLA clearly prohibits the filing of a medical professional liability action against a health care provider prior to serving, by certified mail, return receipt requested, a notice of claim upon each health care provider the claimant will join in the litigation. In addition to the notice of claim, unless a claimant is proceeding under West Virginia Code § 55-7B-6(c), the claimant must also serve a screening certificate of merit upon each health care provider the claimant will join in the litigation, *prior to filing a civil action*.

Syl. Pt. 4, *Tanner v. Raybuck*, 246 W. Va. 361, 873 S.E.2d 892 (2022) (emphasis added).[5] Critical to the case pending before us, we have held that "the pre-suit notice requirements contained in the West Virginia Medical Professional Liability Act are jurisdictional, and failure to provide such notice deprives a circuit court of subject matter jurisdiction." *PrimeCare Medical*, 242 W. Va. at 342, 835 S.E.2d at 586, Syl. Pt. 2.

West Virginia Code § 55-7B-6(b) required Ms. Endicott to serve each health care provider with a notice of claim "together with a screening certificate of merit" "[a]t least 30 days prior to the filing of [her] medical liability action . . . ." It is undisputed that Ms. Endicott failed to comply with this directive. She did not serve any screening certificate on the providers prior to filing her lawsuit, let alone the full thirty days before filing suit. Although Ms. Endicott exercised the option in West Virginia Code § 55-7B-6(d) to have an additional sixty days in which to obtain screening certificates of merit, this did not relieve her of the statutory obligation to serve those certificates at least thirty days before filing her lawsuit.[6]

Ms. Endicott argues that she satisfied the overall purpose of the MPLA by serving the screening certificates of merit on the providers within the promised sixty days. However, we rejected a similar argument in *Tanner*, where a plaintiff exercised the right to an additional sixty days to obtain a screening certificate, but she filed her lawsuit before serving the screening certificate on the defendant provider. *See Tanner*, 246 W. Va. at 366-67, 873 S.E.2d at 897-98. We explained that

[i]f a complaint is filed after the notice of claim, but before the screening certificate of merit, the purpose of pre-suit notice requirements is undermined because the health care provider is not afforded an opportunity to review the context of the purported deviation from the standard of care and settle meritorious claims before suit is filed against them. Likewise, the point of the screening certificate of merit – to prevent the filing of frivolous claims unsupported by an expert's

---

[5] West Virginia Code § 55-7B-6(c) allows a plaintiff to proceed without a screening certificate of merit if the case is grounded on "a well-established legal theory of liability which does not require expert testimony supporting a breach of the applicable standard of care . . . ." However, Ms. Endicott has not relied upon this exception and the providers deny that it would apply to the medical negligence claims asserted in this case.

[6] Exercising the option for the additional sixty days to obtain the screening certificates of merit allowed Ms. Endicott additional time to file the complaint. *See* W. Va. Code § 55-7B-6(d) & (i)(1), *supra* note 3.

assurances that the claim is not, in fact, frivolous – is missed when the complaint is filed before that safeguard is in place.

*Id.* at 367, 873 S.E.2d at 898; *e.g., State ex rel. Miller v. Stone*, 216 W. Va. 379, 383, 607 S.E.2d 485, 489 (2004) ("Legislature's clear intent in enacting W. Va. Code § 55-7B-6 was to mandate that a plaintiff in a medical malpractice claim file his or her certificate of merit at least 30 days prior to filing his or her medical malpractice claims so as to allow health care providers the opportunity to demand pre-litigation mediation."). We reiterated in *Tanner* that a circuit court "has no authority to suspend" the MPLA's "pre-suit notice requirements and allow a claimant to serve notice after the claimant has filed suit. To do so would amount to a judicial repeal of" West Virginia Code § 55-7B-6. *Tanner*, 246 W. Va. at 362, 873 S.E.2d at 893, Syl. Pt. 9 (quoting *PrimeCare Medical*, 242 W. Va. at 337, 835 S.E.2d at 581, Syl. Pt. 5). While the screening certificate in *Tanner* was served after the lawsuit was filed, and the screening certificates in this case were served simultaneously with the filing of the lawsuit, the result is the same—these health care providers were denied the pre-litigation opportunity to evaluate the claims.

Clearly, this lawsuit was filed in violation of the MPLA and the circuit court should have dismissed the complaint for lack of subject matter jurisdiction. *See PrimeCare Medical*, 242 W. Va. at 337, 835 S.E.2d at 581, Syl. Pt. 2. The providers are entitled to a writ of prohibition. *See id.* at 345, 835 S.E.2d at 589 (granting writ of prohibition and vacating circuit court order that had denied motion to dismiss for failure to comply with MPLA).

The providers make the additional argument that the dismissal of this case should be *with* prejudice. However, a dismissal for lack of subject matter jurisdiction is not a decision on the merits and is, therefore, generally a dismissal without prejudice. *See Tanner*, 246 W. Va. at 368, 873 S.E.2d at 899. We conclude that this dismissal should be without prejudice.

## Conclusion

For the foregoing reasons, we conclude that the circuit court erred by failing to dismiss Ms. Endicott's complaint based upon her failure to comply with the MPLA's pre-suit notice requirements. Accordingly, we grant a writ of prohibition and vacate the circuit court's January 30, 2023, order denying the providers' motions to dismiss. We remand this case to the circuit court with directions to enter an order dismissing the complaint without prejudice.

Writ granted.

**ISSUED:** March 20, 2024

**CONCURRED IN BY:**

Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

6

**DISSENTING:**

Chief Justice Tim Armstead


Armstead, Chief Justice, dissenting:

I dissent to the majority's resolution of this case. I would have set this case for oral argument to thoroughly address the errors alleged. Having reviewed the parties' briefs and the issues raised therein, I believe a formal opinion of this Court was warranted, not a memorandum decision. Accordingly, I respectfully dissent.