551 S.E.2d 658

Douglas M. COFFMAN, Petitioner
Below, Appellee,

v.

WEST VIRGINIA DIVISION OF MOTOR
VEHICLES and Joe E. Miller, its Com-
missioner, Respondents Below, Appel-
lants.

No. 28739.

Supreme Court of Appeals of
West Virginia.

Submitted April 4, 2001.

Decided July 2, 2001.

Darrell V. McGraw, Jr., Attorney General, Jacquelyn I. Custer, Senior Assistant Attorney General, Charleston, for the Appellants.

John W. Swisher, Lonnie C. Simmons, Fragale & Simmons, Charleston, for the Appellee.

PER CURIAM:

The respondents below and appellants herein, the West Virginia Division of Motor Vehicles and its Commissioner, Joe E. Miller [hereinafter collectively referred to as "the Commissioner" or "Commissioner Miller"],[1]

1. Since the time of the filing of this appeal, Commissioner Miller has stepped down from his post, and a new Commissioner of the West Virginia Division of Motor Vehicles, Roger Pritt, has

appeal from an amended final order entered by the Circuit Court of Kanawha County on July 18, 2000. In that order, the circuit court effectively exonerated the petitioner below and appellee herein, Douglas M. Coffman [hereinafter referred to as "Coffman"], by vacating its original final order and concluding that the Commissioner had improperly terminated Coffman's driving privileges following his second offense of driving while under the influence of alcohol. On appeal to this Court, the Commissioner contends that the circuit court improperly granted Coffman's motion to vacate its first final order pursuant to Rule 60(b) [2] of the West Virginia Rules of Civil Procedure. Upon a review of the parties' arguments, the record designated for appellate review, and the pertinent authorities, we agree that the circuit court erred by awarding Coffman his requested relief. Accordingly, the July 18, 2000, order of the Circuit Court of Kanawha County is vacated, and the orders entered November 18, 1998, by the circuit court, and January 7, 1998, by the Commissioner, are reinstated.

## I.

### FACTUAL AND PROCEDURAL HISTORY

The facts underlying the instant appeal appear from the appellate record as follows. In the early morning hours of Saturday, June 28, 1997, Senior Trooper W.R. Knight of the West Virginia State Police observed the petitioner below and appellee herein, Douglas M. Coffman, driving in excess of the speed limit on Route 219 in Randolph County, West Virginia. Trooper Knight also noticed that Coffman's vehicle was weaving in its lane of traffic and occasionally drifting onto the shoulder of the road. After effectuating a traffic stop of Coffman's vehicle, Knight observed the smell of alcohol emanating from

Coffman and noted other physical signs indicative of intoxication, e.g., glassy and bloodshot eyes, slurred speech, and unsteadiness while standing and walking. Additionally, Coffman admitted to Trooper Knight that he had consumed alcoholic beverages that evening.

After administering three field sobriety tests,[3] and after Coffman had failed all three such tests, as well as a preliminary breath test, Trooper Knight, at approximately 1:35 a.m., placed Coffman under arrest for second offense driving under the influence of alcohol.[4] He then transported Coffman to the Randolph County Jail, where Coffman was given a secondary chemical test and processed pursuant to his arrest. Following this processing, which was completed at about 2:23 a.m., Coffman was lodged in the jail pending his appearance before a magistrate.

The relevant procedural rule governing on-call magistrates, which is set forth in Rule 1(b)(1)(A-B) of the Administrative Rules for the Magistrate Courts of West Virginia, requires an on-call magistrate to contact the county jail between 10:00 p.m. and 11:00 p.m. on Fridays and between 10:00 a.m. and 11:00 a.m., and between 10:00 p.m. and 11:00 p.m., on Saturdays. Pursuant to this procedure, the on-call magistrate telephoned the Randolph County Jail and subsequently conducted a preliminary hearing for Coffman at approximately 10:10 a.m. on Saturday, June 28, 1997.[5]

Thereafter, Trooper Knight reported Coffman's arrest for second offense D.U.I. to the Division of Motor Vehicles, which, in turn, issued an initial letter of revocation to Coffman to inform him of the pending revocation of his privilege to drive a motor vehicle in this State and his right to request an administrative hearing to review this decision. Pursuant to Coffman's request, an adminis-

---

been appointed. To maintain consistency with the original style of this case, however, we will continue to refer to the appellant herein as "Commissioner Miller".

**2.** For the text of this procedural rule see *infra* Section III.

**3.** The three field sobriety tests Trooper Knight administered to Coffman were the horizontal

gaze nystagmus test, the one-leg stand test, and the walk-and-turn test.

**4.** Trooper Knight also cited Coffman for speeding and failure to remain in his lane of traffic.

**5.** The final disposition of the criminal charges levied against Coffman is unclear from the record in this case.

trative hearing was held on October 29, 1997. By order entered January 7, 1998, Commissioner Miller concluded that the evidence was sufficient to establish that Coffman "drove a motor vehicle in this State while under the influence of alcohol on June 28, 1997." Accordingly, the Commissioner revoked Coffman's privilege to drive in West Virginia "for a period of ten years and thereafter until the Respondent [Coffman] successfully completes the Safety and Treatment Program and pays all costs of the program and all costs assessed as a result of the revocation hearing."[6] *See* W. Va.Code § 17C–5A–2(i) (1996) (Repl.Vol.1996).

Coffman then appealed the Commissioner's decision to the Circuit Court of Kanawha County on January 30, 1998, complaining that he had not been promptly presented to a magistrate for a preliminary hearing, and thus, his arrest was not lawful and could not form the basis for the revocation of his driver's license. *See* W. Va.Code § 17C–5A–2(e). A hearing was held on July 24, 1998, with a final order being issued on November 18, 1998. In that order, the circuit court affirmed the Commissioner's decision to revoke Coffman's driving privileges.

Subsequently, on December 8, 1998, Coffman filed a motion requesting the circuit court to vacate its final order.[7] The court then stayed its November 18, 1998, order, and, by subsequent order entered May 24, 2000, and amended July 18, 2000, vacated its original ruling,[8] and that of the Commissioner,[9] effectively reinstating Coffman's privilege to drive. In so ruling, the court determined that Coffman's motion had been made pursuant to Rule 60(b) of the West Virginia

Rules of Civil Procedure and observed that the "petitioner's [Coffman's] counsel has brought to the attention of this Court, after its ruling herein, inconsistent rulings on the same legal issues in the same Court."[10] Following this decision, the Commissioner appealed to this Court.

## II.

### STANDARD OF REVIEW

On appeal to this Court, we are asked to consider whether the circuit court properly granted Coffman relief from its earlier judgment in accordance with Rule 60(b) of the West Virginia Rules of Civil Procedure. Generally,

> [i]n reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. pt. 2, *Walker v. West Virginia Ethics Comm'n,* 201 W.Va. 108, 492 S.E.2d 167 (1997). Of specific relevance to the instant appeal, we typically defer to a circuit court's discretion with respect to rulings concerning Rule 60(b) motions: "[a] motion to vacate a judgment made pursuant to *Rule* 60(b), W.Va. R.C.P., is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion." Syl. pt. 5, *Toler v. Shelton,* 157 W.Va. 778, 204 S.E.2d 85 (1974).[11] Neverthe-

---

**6.** The Commissioner's order also contained the possibility that Coffman's driver's license could be reinstated after the passage of five years, rather than the full term of ten years, if he complies with the other conditions of punishment.

**7.** Coffman did not appeal the circuit court's November 18, 1998, order.

**8.** The circuit court's first final order was entered on November 18, 1998.

**9.** The Commissioner's order revoking Coffman's license to drive was entered on January 7, 1998.

**10.** The crux of this finding was the circuit court's decision of a similar case, *Donohoe v. West Virginia Division of Motor Vehicles,* No. 95–AA–85 (Cir. Ct. of Kanawha County, W. Va. May 3, 1996), wherein it found the subject motorist had not been promptly presented before the 24–hour on-call magistrate as required by W. Va.Code § 17C–19–3(a)(3) (1984) (Repl.Vol.2000). For further discussion of the circuit court's ruling in this regard see *infra* Section III.

**11.** However,

> [w]here the law commits a determination to a trial judge and his discretion is exercised with judicial balance, the decision should not be

less, "[i]n reviewing the judgment of a lower court this Court does not accord special weight to the lower court's conclusions of law, and will reverse the judgment below when it is based on an incorrect conclusion of law." Syl. pt. 1, *Burks v. McNeel,* 164 W.Va. 654, 264 S.E.2d 651 (1980). With these standards in mind, we proceed to consider the parties' arguments.

## III.

### DISCUSSION

■ Before this Court, the Commissioner contests, among his numerous assignments of error,[12] the propriety of the circuit court's amended final order which vacated its prior order, as well as that of the Commissioner, and reinstated Coffman's driving privileges. In rendering this decision, the circuit court observed that Coffman had moved for relief from the circuit court's original final order, entered November 18, 1998, pursuant to W. Va. R. Civ. P. 60(b). This rule provides, in pertinent part, that

> [o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect, or unavoidable cause; ... or (6) any other reason justifying relief from the operation of the judgment....

Granting Coffman his requested relief, the circuit court intimated that a mistake had indeed been committed in its prior order insofar as it had failed to consider its previous ruling in a factually similar case, *Donohoe v. West Virginia Division of Motor Vehicles,* No. 95–AA–85 (Cir. Ct. of Kanawha County, W.Va. May 3, 1996). Having made this pronouncement, the court then proceeded to make findings of fact and conclusions of law anew, without any apparent further reference to the aforementioned decision.

■ While we appreciate the necessity of treating Rule 60(b) motions with a liberal hand, *see* Syl. pt. 6, *Toler,* 157 W.Va. 778, 204 S.E.2d 85,[13] we simply cannot countenance the result obtained in the case *sub judice.* We have admonished lower courts that

> [o]ne of the purposes of West Virginia Rule of Civil Procedure 60(b) is to provide a mechanism for instituting a collateral attack on a final judgment in a civil action when certain enumerated extraordinary circumstances are present. When such extraordinary circumstances are absent, a collateral attack is an inappropriate means for attempting to defeat a final judgment in a civil action.

Syl. pt. 2, *Hustead ex rel. Adkins v. Ashland Oil, Inc.,* 197 W.Va. 55, 475 S.E.2d 55 (1996). Accordingly, " '[r]arely is relief granted under [Rule 60(b) ] because it provides a remedy that is extraordinary and is only invoked upon a showing of exceptional circumstances. Because of the judiciary's adherence to the finality doctrine, relief under this provision is not to be liberally granted.' " *Powderidge Unit Owners Ass'n v. Highland Props., Ltd.,* 196 W.Va. 692, 704 n. 21, 474 S.E.2d 872, 884 n. 21 (1996) (quoting *Cox v. State,* 194 W.Va. 210, 219 n. 5, 460 S.E.2d 25, 34 n. 5 (1995) (per curiam) (Cleckley, J., concurring) (citations omitted)).

■ Under the facts and circumstances presently before us, we do not agree with the circuit court's assessment that such extraordinary circumstances existed so as to warrant relief pursuant to W. Va. R. Civ. P.

overruled unless the reviewing court is actuated, not by a desire to reach a different result, but by a firm conviction that an abuse of discretion has been committed.

*Intercity Realty Co. v. Gibson,* 154 W.Va. 369, 377, 175 S.E.2d 452, 457 (1970) (internal quotations and citations omitted).

**12.** For treatment of the Commissioner's remaining assignments of error see *infra* note 14.

**13.** In Syllabus point 6 of *Toler v. Shelton,* 157 W.Va. 778, 204 S.E.2d 85 (1974), we held:

A court, in the exercise of discretion given it by the remedial provisions of *Rule* 60(b), W.Va. R.C.P., should recognize that the rule is to be liberally construed for the purpose of accomplishing justice and that it was designed to facilitate the desirable legal objective that cases are to be decided on the merits.

*Accord* Syl. pt. 2, *Hamilton Watch Co. v. Atlas Container, Inc.,* 156 W.Va. 52, 190 S.E.2d 779 (1972) ("Inasmuch as courts favor the adjudication of cases on their merits, Rule 60(b) of the West Virginia Rules of Civil Procedure should be given a liberal construction.").

60(b). A review of the transcript for the hearing culminating in the court's original final order indicates that Coffman's counsel thoroughly argued the existence and relevance of that tribunal's prior decision in the *Donohoe* case. For the circuit court to then conclude, in its amended final order, that a mistake occurred insofar as it had not considered *Donohoe* in the rendering of its prior decision, then, is simply erroneous. Just as we have cautioned that Rule 60(b) motions should be granted in only the most extraordinary of circumstances, *see, e.g.*, Syl. pt. 2, *Hustead*, 197 W.Va. 55, 475 S.E.2d 55, we likewise have advised that "Rule 60(b) motions which seek merely to relitigate legal issues heard at the underlying proceeding are without merit." *Powderidge*, 196 W.Va. at 705, 474 S.E.2d at 885 (footnote and citations omitted). As this is precisely the effect of the circuit court's amended final order, we find that the circuit court abused its discretion in so ruling. Accordingly, we vacate the circuit court's amended final order granting Coffman's Rule 60(b) motion and reinstate the two prior orders vacated thereby.[14]

## IV.

## CONCLUSION

For the foregoing reasons, the July 18, 2000, order of the Circuit Court of Kanawha County is hereby vacated, and the orders entered January 7, 1998, by the Commissioner, and November 18, 1998, by the circuit court, are reinstated.

Vacated and Reinstated.

---

**14.** Our determination that the circuit court abused its discretion by vacating its original order pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure renders unnecessary any further consideration of the Commissioner's remaining assignments of error.